UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br><br>DENISE THOMPSON,<br><br>Applicant | Case No.: CV 13-80088-EJD (PSG)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>**(Re: Docket No. 1)** |

Before the court is Denise Thompson's ("Thompson") application for issuance of a subpoena to Google Inc. ("Google") for aid in foreign litigation. Thompson is a plaintiff in a defamation case currently pending before the Queen's Bench of Alberta, Canada. Although not styled as such, the court presumes Thompson seeks this court's assistance pursuant to 28 U.S.C. § 1782. Having considered the application and supporting materials, the court DENIES the application WITHOUT PREJUDICE to a renewed application that satisfies Section 1782's requirements.

1

Case No.: CV 13-80088 EJD (PSG)
**ORDER**

A district court may grant an application pursuant to Section 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[1]

However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[2] The Supreme Court has identified several factors that a court should consider in its exercise of discretion on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[3]

Whatever its concerns about the ex parte nature of Section 1782 applications, this court and others regularly approve such applications, secure in the knowledge that the affected party will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity either to move to quash the discovery or to participate in it.[4] But where the court identifies a patently problematic application, the undersigned is loath simply to punt and deal with the flaws only after the burden and expense of a motion to quash is undertaken.

Here, at least three flaws give the court pause in exercising its discretion to approve the application. First, it appears uncontroverted that the requests implicate the protections afforded to

---

[1] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[2] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[3] *In re Republic of Ecuador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264-65).

[4] *See id.* at *2.

2

Case No.: CV 13-80088 EJD (PSG)
**ORDER**

service providers like Google under the Stored Communications Act ("SCA").[5] As this court has previously explained, subpoenas issued pursuant to Section 1782 are subject to the SCA's restrictions.[6] The SCA in turn prohibits service providers from knowingly disclosing the contents of a user's electronic communications.[7] Nothing in Thompson's application suggests how exactly she avoids this restriction.

Second, even if the SCA were not an issue, the breadth of the requests is extraordinary in both the intrusion and burden they would impose. Thompson seeks Google to produce nothing less than:

(1) all received e-mails and messages, all emails stored in any and all mailboxes, folders, inboxes, archives, back-ups, data management systems, all emails sent and all deleted emails, and all links to related web pages contained in any email message relating, sent to, received by, or sent from the email address;

(2) all account activity (including storage usage, number of log-ins), data displayed or clicked on (including UI elements, ads, links); and other log information (including browser type, IP address, date and time of access, cookie ID, and referrer URL) relating to the email address;

(3) any and all documents relating to the Google account set-up information (including any names, addresses, phone numbers, email accounts, and any billing information) for the Google account relating to the email address;

(4) all documents relating to any Gmail addresses linked to or created using the Google account used to create the email address during the period of January 1, 2008 to the present;

(5) all documents relating to any other email addresses created using the same Google account, including but not limited to all emails and messages stored in all mailboxes, folders, inboxes, sent items and deleted items, and all links related to web pages contained in such email messages; and

---

[5] *See* 18 U.S.C. § 2702.

[6] *See In re Facebook, Inc.*, Case No. 12-80171, 2012 WL 7071331, at *1 (N.D. Cal. Sept. 20, 2012); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-72 (9th Cir. 2004) (holding that the SCA applies to a subpoena issued under 28 U.S.C. § 1782).

[7] *See* 18 U.S.C. § 2702.
3

Case No.: CV 13-80088 EJD (PSG)
**ORDER**

(6)     all documents relating to the email address and any other email addresses created using the same Google account, including but not limited to all account activity, data displayed or clicked on, and other log information.[8]

In effect, Thompson seeks over five years of activity from the account at issue without explaining at all why such a wide swath is necessary. And apparently the original copies of the documents in the account are not good enough; Thompson further requests that Google turn over every back up tape relating to the accounts:

(7)     all back ups, including but not limited to rotation disks and back up tapes that contain, display, or include information relating to the email address;

(8)     all back ups that contain, display or include any information relating to the Google account used to establish the email address; and

(9)     all documents, including but not limited to back ups, rotation disks, and back up tapes, that contain, display, or include any information relating to any other Google accounts established by the person or group of persons who established the Google account used to establish the email address.[9]

Finally, although Thompson purports to avoid any issues relating to attorney-client privilege, she demands that Google establish the basis for any privilege with a complete privilege log. But even if this were reasonable to ask of Google, which it is not, the court must scratch its head at the thought of how Google would know whether a given document in a user's account is in fact privileged.

If Thompson wishes to submit another application, the court will entertain it. But Thompson is on notice that her application should be accompanied by a memorandum explaining just how each of the statutory and *Intel* factors justify the relief she is seeking.

**IT IS SO ORDERED.**

Dated: May 21, 2013

                                     PAUL S. GREWAL
                                     United States Magistrate Judge

---

[8] *See* Docket No. 1.

[9] *See id.*