UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENISE THOMPSON, | Case No.: 5:13-cv-80088-EJD-PSG |
| Plaintiff, | **ORDER GRANTING EX PARTE APPLICATION OF SUBPOENA OF GOOGLE IN AID OF FOREIGN LITIGATION** |
| v. | |
| JOHNATHAN DOEL, et al., | |
| Defendants. | **(Re: Docket No. 3)** |

Plaintiff Denise Thompson ("Thompson") has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a). Thompson seeks an order authorizing a subpoena to Google Inc. ("Google"), a resident of Mountain View, California, to provide documents for use in connection with her defamation case in Canada based on a publication from the Google, Inc. "Gmail" account jodeldds@gmail.com ("the Gmail Account"). Thompson alleges one or more unidentified defendant(s) "sent an email from the Gmail Account to Thompson's employer claiming that she obtained her employment as an Executive Assistant with the Alberta Dental Association and College through nepotism rather than merit."[1] The proposed subpoena seeks documents sufficient to identify: "the names, addresses, telephone numbers, e-mail

---

[1] *See* Docket No. 3 at 3 (citing Docket No. 3-2 at ¶¶ 8-9).

1

Case No.: 5:13-cv-80088-EJD-PSG
ORDER

addresses, and Media Access Control addresses of the owner or owners of the Gmail Account as of March 12, 2012."[2]

## I. LEGAL STANDARDS

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[3] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[4] The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[5]

It is common for parties to request and obtain orders authorizing discovery ex parte.[6] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[7]

---

[2] *See id.* at 4.

[3] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[4] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[5] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

[6] *See In re Republic of Ecuador*, 2010 WL 3702427, at *2.

[7] *Id.* (citations omitted).

2
Case No.: 5:13-cv-80088-EJD-PSG
ORDER

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Thompson's application and has preliminarily determined that the statutory requirements have been satisfied. First, Google is located in Mountain View, California, which is located in this district. Second, there is a court action that has been initiated in Canada.[8] Finally, there can be no real dispute that Thompson qualifies as an interested person because she is the plaintiff in the Canadian case.[9]

### B. Discretionary Factors

#### 1. Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that,

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[10]

In the instant case, Google is not a party in the Canadian case. Further, Google, Inc. is not a Canadian company and, therefore, the requested information does not appear within the immediate reach of a Canadian tribunal. This factor weighs in Thompson's favor.

#### 2. Nature and Receptivity of Foreign Tribunal

Thompson argues that Canada would be receptive to U.S. federal court jurisdictional assistance in an analogous proceeding. In support of this argument, Thompson points out that the

---

[8] *See* Docket No. 3-2.

[9] *Intel*, 542 U.S. at 256 (stating that an interested person under Section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is no doubt that "litigants are included among, and may be the most common example").

[10] *Id.* at 264.

3
Case No.: 5:13-cv-80088-EJD-PSG
ORDER

Court of Queen's Bench of Alberta has demonstrated its receptivity to requests for judicial assistance. In particular, Section 56(1) of the Alberta Evidence Act grants the Canadian court discretion to make orders respecting the examination of witnesses or production of documents by foreign courts or tribunals. The Alberta Rules of Court similarly authorize the Canadian court to provide assistance to courts outside Canada. Finally, Thompson cites a case where the Court of Queen's Bench of Alberta honored a request by the United States District Court for the District of Kansas to produce a 30(b)(6) witness.[11] This factor, too, weighs in Thompson's favor.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

There is nothing to suggest that Thompson's Section 1782 request is an attempt to circumvent foreign proof-gathering restrictions. Thompson represents that the requested discovery is consistent with the type of discovery available in the Canadian proceedings. Specifically, Thompson directs the court to *Alberta Treasury Branches v. Leahy* and represents that it is a leading case on third-party document production.[12] Courts are willing to grant document production requests if "necessary to identify wrongdoers" or "to find and preserve evidence that may substantiate or support an action" (or even determine if a cause of action exists).[13] This factor weighs in Thompson's favor.

### 4. Undue Intrusion or Burden

Thompson seeks bibliographic information for the owner(s) of the Gmail Account and does not seek information related to the content of the emails. This request does not appear to be unduly intrusive or burdensome.

---

[11] *See Richardson v. Shell Canada Ltd.*, 2012 ABQB 170.

[12] 2000 ABQB 575.

[13] *Id.* at ¶ 106.

4
Case No.: 5:13-cv-80088-EJD-PSG
ORDER

### III. CONCLUSION

Thompson's application is GRANTED. Thompson may serve the subpoena attached to its application[14], without prejudice to any motion to quash that Google or any other appropriate party may wish to file.

**IT IS SO ORDERED.**

Dated: October 7, 2013

                                              _____
                                              PAUL S. GREWAL
                                              United States Magistrate Judge

---

[14] *See* Docket No. 3-1.

Case No.: 5:13-cv-80088-EJD-PSG
ORDER